IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANNY BEATLEY, | § | |
| TDCJ-CID NO.1089424, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1565 |
| | § | |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Danny Beatley, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for sexual assault of a child. (Docket Entry No.1). Respondent has filed a motion for summary judgment, seeking dismissal of the petition. (Docket Entry No.13). Petitioner has filed a response to the motion. (Docket Entry No.15). After considering the entire record and the applicable law, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner entered a plea of guilty, without an agreed punishment, to the offense of sexual assault of a child in the 359th State District Court of Montgomery County, Texas in cause number 01-09-05568. (Docket Entry No.1). The state district court found evidence to substantiate the plea but deferred a finding of guilt pending the preparation of a pre-sentence investigation report ("PSI"). (Docket Entry No.14, Part 7, page 7). Later, at the punishment phase of trial, the state district court heard the complainant's testimony, after which the State rested. Petitioner presented the testimony

of two psychologists, Dr. Roger Saunders and Dr. Carmen Petzold (*Id.*, pages 28-36; 37-41, Part 8, pages 1-9), and the testimony of petitioner's wife and two step-children.  (Docket Entry No.14, part 9).  In rebuttal, the State offered the testimony of Licensed Professional Counselor Aisling Ryan, over the objection of petitioner's trial counsel to Ryan's qualifications.  (Docket Entry No.14, Part 8, pages 38-41).  The state district court found petitioner guilty and assessed punishment at ten years confinement in TDCJ-CID.  (*Id.*, Part 9, page 36).

On direct appeal, petitioner complained that the state district court abused its discretion by admitting the testimony of an unqualified expert witness to rebut the testimony of the licensed psychologists, who had testified for petitioner.  *Beatley v. State*, No.10-02-118-CR, Appellant's Brief (Docket Entry No.14, Part 4).  The state intermediate court of appeals found no abuse and affirmed the judgment of the state district court.  The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.  *Beatley v. State*, No.10-02-118-CR (Tex. App.–Waco 2003, pet. ref'd); (Docket Entry No.14, Part 2, pages 2, 14-19).

In his state habeas application, petitioner complained that the state district court evaded its gate-keeping duties under the state and federal rules of evidence by failing to inquire into the reliability of the scientific analysis employed by defense and State's expert witnesses and by allowing the prosecutor and petitioner's trial counsel to waive such required process.  *Ex parte Beasley*, Application No. 61,342-01; (Docket Entry No.14, part 1, page 14).  Petitioner also complained that the state district court abused its discretion by admitting the testimony of the two psychologists and the professional counselor without requiring proof of the reliability and acceptance of their scientific testing.  (*Id.*).  Petitioner further complained that his trial counsel rendered ineffective assistance of counsel by introducing the testimony of defense expert witnesses.  (*Id.*, page 15).

2

The state district court, acting as a habeas court, entered findings of fact and conclusions of law.  (*Id.*, part 2, pages 9-12).  The state habeas court found that petitioner's grounds for relief were based on the record of his punishment hearing.  (*Id.*, page 10).  The state habeas court further found that "no stipulation was made to Ms. Ryan's testimony and the admissibility of Ms. Ryan's testimony was Applicant's sole issue on direct appeal."  (*Id.*).  With respect to the state district court's failure to perform its gatekeeping duty in accepting the parties' stipulation with respect to the expertise of Drs. Saunders and Petzold, the state habeas court found that petitioner failed to plead or prove a jurisdictional defect or the denial of a fundamental or constitutional right.  (*Id.*)  In its conclusions of law, the state court held that petitioner's claims were based on the trial record and were not cognizable on a state habeas application.  Alternatively, the state habeas court found that petitioner failed to plead or prove a jurisdictional defect or the denial of a fundamental or constitutional right with respect to grounds one and two of his evidentiary claims regarding the reliability of the scientific analysis and the waiver of process to examine such reliability.  (*Id.* page 11).  The state habeas court further found that in the alternative, petitioner failed to prove by a preponderance of the evidence that he had been deprived the effective assistance of counsel.  (*Id.*).  The Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing.  *Ex parte Beatley*, Application No.61,342-01, at cover; (Docket Entry No.1, page 3).

In the pending federal habeas petition, petitioner complains that the state district court committed reversible error by failing to conduct a hearing on the reliability of the scientific analysis utilized by the three mental health professionals who testified at the punishment hearing as required by the state and federal rules of evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).  He further complains the state district court abused its discretion by admitting the

testimony of the three professionals without requiring such proof.  (Docket Entry No.1).  Petitioner also complains that his trial counsel was constitutionally ineffective because he advised petitioner to decline the State's negotiated plea and to enter a guilty plea without a punishment agreement with the expectation that the state district court would probate the sentence based upon Drs. Saunders's and Petzold's testimony that petitioner was rehabilitated.  (Docket Entries No.1, No.3, No.15).  Petitioner complains that he was prejudiced by such advice because the State offered the rebuttal testimony of Counselor Ryan and the state district judge sentenced him to ten years confinement.  (*Id.*).  Petitioner does not complain that his plea was involuntary, but that he was prejudiced by his trial counsel's advice to reject a six-year negotiated plea in favor of an open plea without a punishment agreement with the possibility that the state district court might enter a probated sentence upon admission of favorable expert testimony.  (*Id.*).

Respondent moves for summary judgment on grounds that (1) petitioner has failed to meet his burden of proof under 28 U.S.C. § 2254(d); (2) he entered a voluntary plea; and, (3) the Court is procedurally barred from considering petitioner's trial error claims and his ineffective assistance of counsel claim.  (Docket Entry No.13).  Alternatively, respondent maintains petitioner's trial error claims and ineffective assistance claim are not supported by the record.  (*Id.*).

II. <u>ANALYSIS</u>

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d

4

272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Under the AEDPA, a federal habeas petition on behalf of a person in custody pursuant to a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.  28 U.S.C. § 2254(d)(1),(2); *Williams v. Taylor*, 529 U.S. 362, 411-13 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Absent a direct conflict with a Supreme Court decision, a federal district court may grant the writ "only if the state court 'unreasonably applies [clearly established federal law, as determined by the Supreme Court] to the facts of the prisoner's case, . . . [or makes] an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'  The standard is one of objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000) (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Findings of fact made by state courts are presumed correct on federal habeas review and petitioner bears the burden to rebut the findings with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

A.  Procedural Bar

Respondent moves for summary judgment on the ground that petitioner's evidentiary claims with respect to the two defense witnesses, the State's rebuttal witness, and to the alleged ineffectiveness of trial counsel are procedurally barred. (Docket Entry No.13).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). Federal review of a claim is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04, (1991); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In addition, if the state court explicitly invokes a procedural bar and alternatively reaches the merits of a defendant's claims, a federal court is still bound by the state procedural default. *Harris v. Reed,* 489 U.S. 255, 264 n. 10 (1980) *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir.1995). Moreover, where a state court explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman,* 501 U.S. at 750; *Amos,* 61 F.3d at 338.

Here, the state habeas court found that petitioner's claims regarding the admissibility of the testimony of the defense witnesses and rebuttal witness and the effectiveness of trial counsel were "based on the record of his trial [and therefore,] are not cognizable on application for writ of habeas corpus." *Ex parte Beatley*, No.01-09-05568-CR-(1); (Docket Entry No.14, Part 2, page 11). In support of this holding, the state habeas court relied on the opinions in *Ex parte Gardner*, 959 S.W.2d 189 (Tex. Crim. App. 1998) and *Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989). The Texas Court of Criminal Appeals held in *Gardner* that a claim that could have been raised on direct appeal is procedurally barred if brought in a post-judgment writ of habeas corpus application. 959 S.W.2d at 199. In *Banks*, the Texas Court held that claims that do not involve a jurisdictional defect

nor invoke fundamental constitutional consideration are not cognizable on state habeas review. 769 S.W.2d at 540.

Alternatively, the state habeas court held that petitioner had failed to plead or prove a jurisdictional defect or the denial of a fundamental or constitutional right with respect to his evidentiary challenges and failed to prove that he had been denied the right to the effective assistance of counsel. *Id.* The Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing; such denial constitutes an adjudication on the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999).

It is well-settled under Texas jurisprudence that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal. *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). The federal courts recognize Texas' procedural default rule concerning the requirements that record claims must be raised on direct appeal. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert denied*, 74 U.S.L.W. 3640 (U.S. May 15, 2006) (No.05-9730). Petitioner did not raise his ineffective assistance of counsel claim or his evidentiary claims with respect to the two defense witnesses and the State's rebuttal witness on direct appeal. Instead, he raised these claims in his state habeas application. Petitioner's failure to raise these claims on direct appeal constitute a procedural default. *Coleman*, 501 U.S. at 731-32. Absent a showing of cause and prejudice or a fundamental miscarriage of justice, petitioner's claims are barred because the last court to consider these claims expressly and unambiguously based its denial of relief on a state procedural default.

"Cause" for a procedural default "is defined as 'something external to the petitioner, something that cannot fairly be attributed to him' that impedes his efforts to comply with the [state]

procedural rule." *Moore v. Roberts,* 83 F.3d 699, 704 (5th Cir. 1996).  A petitioner suffers actual prejudice if there is a reasonable probability that the result of the proceeding would have been different but for the alleged error.  *Stricker v. Greene*, 527 U.S. 263, 289-90 (1999).  A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted.  *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner does not claim that he is actually innocent; he claims that the cause of the default for failing to bring his claims on direct appeal lies with the ineffectiveness of his appellate counsel, who also represented him at trial.  (Docket Entry No.15).  He claims he suffered actual prejudice because had he accepted the State's plea offer and rejected his trial counsel's advice (thereby foregoing the testimony of defense witnesses), he would have received a six-year sentence.  (*Id.*).

Ineffective assistance of counsel constitutes cause to excuse a procedural default in state court.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  However, as a matter of comity, a habeas petitioner must present his claim of ineffective assistance of counsel to the state court as an independent claim to use it as cause to excuse the procedural default.  *Id.* at 488-89.  Furthermore, the ineffective assistance claim must be properly presented to the state court, *i.e.*, "in the manner that state law requires."  *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).  A claim of ineffective assistance of appellate counsel is properly brought in state court on collateral review.  Although petitioner has alleged ineffective assistance of counsel as cause for his procedural default of his evidentiary claims and his ineffective assistance of trial counsel claim as cause for his procedural default, he has not shown that he exhausted his ineffective assistance of appellate counsel claim in state court.  *Murray*, 477 U.S. at 488 (federal petitioner must exhaust state court remedies on

ineffective assistance claim to use ineffectiveness as cause to excuse procedural default).  Therefore, petitioner fails to show cause to overcome procedural default in state court of his evidentiary and Sixth Amendment claims.

Because petitioner fails to demonstrate cause, the Court need not consider whether there is actual prejudice.  *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004) (citing *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997)), *cert denied*, 543 U.S. 1124 (2005).

Petitioner has procedurally defaulted his claims with respect to the testimony of defense expert witnesses, the rebuttal witness, and the ineffectiveness of this trial counsel; therefore, this Court is procedurally barred from considering the claims on federal habeas review.  Accordingly, respondent is entitled to summary judgment on these claims.

### B. Professional Counselor Ryan

To the extent that petitioner challenges the admission of the testimony of the State's rebuttal witness on grounds that she was not qualified to testify, such a challenge is not procedurally barred. The habeas court noted that "no stipulation was made to Ms. Ryan's testimony and the admissibility of Ms. Ryan's testimony was Applicant's sole issue on direct appeal."  *Beatley v. State*, No. 10-02-118-CR, Appellant's Brief; (Docket Entry No.14, Part 4, pages 8-32).

Petitioner alleged on appeal that the state district court abused its discretion by allowing an unqualified witness to rebut petitioner's expert testimony and to give her opinion about issues raised by petitioner's experts.  (Docket Entry No.14, Part 4, page 9).  The state intermediate court found the following with respect to petitioner's complaint:

> The trial court could reasonably have determined that the State established, by clear and convincing evidence, that Ryan was a licensed professional counselor; with experience and training in the area of administering, scoring, and interpreting the MMPI2 test; and with experience and training in the treatment of sex offenders. The trial could also have reasonably determined that the State also established, by clear and convincing evidence, that Ryan's testimony was sufficiently reliable to assist the jury by showing that her field is a legitimate one, that the subject matter of her testimony was within the scope of that field, and that her testimony properly relied upon or utilized the principles involved in that field. Consequently, we hold that the trial court did not abuse its discretion in allowing Ryan to testify as an expert.

*Beatley v. State*, No.10-02-118-CR (Tex. App.–Waco 2003, pet.ref'd); (Docket Entry No.14, Part 2, pages 15-18).

The record supports the intermediate appellate court's findings, upon which the Texas Court of Criminal Appeals denied a petition for discretionary review. The record shows that the state district court conducted a *Daubert* hearing with respect to Ryan's qualifications to testify. After hearing evidence and argument, the state district court allowed Ryan's testimony with respect to specific tests that she had interpreted and limited her testimony with respect to opinions regarding specific tests. *Id.*; (Docket Entry No.14, Part 8, pages 31-35).

Accordingly, respondent is entitled to summary judgment as a matter of law.

## C. Voluntariness of Plea

To the extent that petitioner contends his plea was involuntary because he rejected a plea offer on the advice of counsel and entered a guilty plea without a punishment recommendation, his contention is without support in the record. "The long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North*

*Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  The record does not indicate that the State extended a plea offer to petitioner.  Even if such agreement were supported by the record, petitioner's plea would be no less voluntary because he chose to proceed without a punishment agreement.

Petitioner claims that he entered the plea with his attorney's assurance that he would receive probation or six years confinement and that he was never told that he could be sentenced otherwise. (Docket Entry No.15).  The record, however, shows that petitioner affirmatively stated that at the plea hearing that his plea was voluntary, that he understood the nature of the charges and the admonishments and stipulations that he had signed.  (Docket Entry No.14, Part 7, page 7).  Petitioner initialed the admonishment, which indicated that he was charged with a second degree felony, punishable by not more than twenty years or less than two years confinement in TDCJ-CID and a fine not to exceed $10,000.  (Docket Entry No. 14, Part 10, page 30).  He also initialed an admonishment that "the recommendation, if any, of the prosecuting attorney as to punishment is not binding on the Court."  (*Id.*, page 31).  Petitioner further indicated that he understood the admonishments and the consequences of his plea and that his plea was freely and voluntarily made.  (*Id.*, pages 32-33). Petitioner, the attorneys for both parties, the deputy district clerk, and the presiding judge signed the admonishments.  (*Id.*, page 33).

Petitioner also signed a "Stipulation of Evidence," in which he again stated that he understood the admonishments and the consequences of his plea.  (*Id.*, page 36).  He then stipulated to facts of the offense and the charge against him.  (*Id.*).  The Court has not found, and petitioner has not directed the Court to, any evidence of a negotiated plea with respect to punishment.

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  A plea of guilty entered by one fully

12

aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats, misrepresentation, or improper promises having no relationship to the prosecutor's business, such as bribes. *Brady v. United States*, 397 U.S. 742, 755 (1970).  The Court concludes from this record that petitioner was admonished of the consequences of his plea and that he understood the nature and consequences of entering such plea.  Accordingly, petitioner fails to show that his plea was involuntary.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial

13

showing of the denial of a constitutional right or that reasonable jurists would disagree with the

Court's procedural ruling.  Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the

state habeas proceeding, the Court ORDERS the following:

1.     Respondent's motion for summary judgment (Docket Entry No.13) is
       GRANTED.

2.     Petitioner's habeas petition is DISMISSED, with prejudice.

3.     A Certificate of Appealability is DENIED.

4.     All other pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on June 7, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE

14